

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

January 7, 2021

*Via ECF*
Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Luigi Bonaffini v. Brooklyn College, et al.*, 20-CV-5118

Dear Judge Cogan:

  This Office represents Defendants City University of New York[1] ("CUNY") and Anne Lopes (collectively, "Defendants") in the above-referenced action. Pursuant to Your Honor's October 26, 2020 Order, I write on behalf of the parties to provide the Court with Plaintiff's and Defendants' positions on the case.

**1. Plaintiff's Assertions**

Plaintiff, a tenured professor at Brooklyn College for 43 years, commenced this action with the filing of the Complaint on or about October 23, 2020.

Briefly, the Complaint alleges causes of action for discrimination in violation of Title VII (42 U.S.C. 2000 *et seq*.), the ADEA, NYSHRL (Executive Law, § 296, *et seq)*, and NYCHRL (Administrative Code, § 8-101, *et seq)* based upon Plaintiff's age (73) and national origin (Italy). Further, the complaint states cause of action for discrimination on the basis of Plaintiff's disability in violation of the ADA (42 U.S.C. § 12111, *et seq*.,), NYSHRL, and NYCHRL. Finally, Plaintiff states causes of action for constructive discharge as he was forced to retire due to the discriminatory treatment he was receiving.

---

[1] Brooklyn College, a senior college in the CUNY system, is not a legally cognizable entity separate and apart from CUNY and cannot be separately sued.  N.Y. Educ. Law §§ 6202(2) and (5), 6203; *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81 n.2 (2d Cir. 2004) (per curiam).

Hon. Brian M. Cogan
January 7, 2021
Page 2 of 5

As an initial matter, jurisdiction is proper in the Eastern District of New York as that is where the events underlying this Complaint occurred. This court also maintains supplemental jurisdiction over Plaintiff's New York State and City law claims.

Plaintiff began working for Brooklyn College in or about 1977 as a professor of Italian Studies. Plaintiff is an extremely well-respected professor who has published over forty books and has received international prizes and awards with regard to his teachings in the Italian language field. Plaintiff is 73 years old and originally from Italy. Plaintiff is also a member of Italian Americans group, that is a protected Affirmative Action group at CUNY since 1974.

Over the past few years, he has experienced hearing loss, constituting a disability, of which Defendants were aware.

On or about September 24, 2019 Plaintiff was called to a meeting with Defendant Anne Lopes. Also present at the meeting, was two other Italian Studies professors, each of whom are above the age of 60. Defendant Lopes announced at this meeting that she was cancelling the Italian major in the school and Plaintiff, along with the two other professors, would have to teach other elementary classes. When Plaintiff complained that this was discriminatory, Defendant Lopes responded that they would each be teaching into their eighties and they would owe the college significant workload hours, a clear remark referencing Plaintiff's age. This was despite the fact that Plaintiff's workload had always been up to date and any issues would only be caused by the cancellation of the Italian major.

Shortly after, the Italian language classes were in fact cancelled despite being filled to capacity with enrolled students. No other language classes were cancelled other than Italian. For example, Arabic and Japanese, which have neither a minor nor major at Brooklyn College, were assigned a full class for Spring 2020. During the Spring 2020 semester, Plaintiff was to be assigned two English courses, with a five hour break in between them, something unheard of for a professor with his experience. This was clearly done to push Plaintiff towards retirement.

Prior to this, Plaintiff had requested that he teach some of his classes online due to his hearing loss and the inability to hear students in a large classroom. Plaintiff provided medical documentation of his disability. Instead, Defendants required Plaintiff to see a Brooklyn College audiologist, who examined Plaintiff. Shortly after this examination, Plaintiff's request for a reasonable accommodation to teach courses online was denied. Brooklyn College offers a wide variety of courses online and there was no business necessity for them to require Plaintiff specifically to teach in person. Finally, due to the discriminatory treatment Plaintiff was receiving, Plaintiff retired from his position in the beginning of 2020 having taught at Brooklyn College for 43 years.

2. **Defendants' Assertions**

   *Anticipated Motion to Dismiss*

   Plaintiff brings claims against CUNY and Anne Lopes in her official capacity as Provost of Brooklyn College under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. ("Title VII"); Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12122 *et seq*.

Hon. Brian M. Cogan
January 7, 2021
Page 3 of 5

("ADA"); the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"); the New York State Human Rights Law, N.Y. Executive Law § 296 ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq*. ("NYCHRL").

Defendants anticipate filing a motion to dismiss Plaintiff's claims in their entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In accordance with Your Honor's Individual Practices, by February 1, 2021, the date on which Defendants' answer or other response to the Complaint is due, Defendants plan to file a pre-motion letter setting out the grounds for the motion to dismiss in greater detail and requesting a pre-motion conference.

As will be discussed in Defendants' pre-motion letter, sovereign immunity bars Plaintiff's claims under the ADA, ADEA, NYSHRL, and NYCHRL against both CUNY and Provost Lopes. *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 244-245 (E.D.N.Y. 2015) ("[T]he ADA, ADEA . . . NYSHRL, NYCHRL . . . claims against CUNY are barred by the Eleventh Amendment."); *Schwartz v. York College*, 06-CV-6754 (RMM)(LB), 2009 WL 3259379, at *2-*3 (E.D.N.Y. Mar. 31, 2009) ("More specifically, Eleventh Amendment immunity precludes . . . ADEA, NYSHRL, and NYCHRL claims against CUNY's senior colleges . . . as such entities have consistently been deemed state entities for sovereign immunity purposes."). "Importantly, this Eleventh Amendment immunity extends to state employees acting in their official capacities." *Edwards v. N.Y. State Office of Mental Health*, 16-CV-1397 (BMC), 2017 WL 666227, at *9 (E.D.N.Y. Feb. 20, 2017). Thus, most of Plaintiff's claims are subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. Similarly, Plaintiff's claims against Defendant Lopes under Title VII must be dismissed as it is well-established that individuals may not be sued under Title VII. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000).

Finally, Plaintiff's remaining claim against CUNY under Title VII is subject to dismissal pursuant to Rule 12(b)(6) as Plaintiff has failed to state a plausible claim of discrimination. Put simply, Plaintiff, a former Italian professor at Brooklyn College, is challenging the decision to cancel the Italian major at Brooklyn College. However, Plaintiff has failed to plausibly allege that the cancellation constitutes an adverse action against him or that CUNY was motivated by his national origin (or any other improper consideration). *Durand v. Excelsior Care Group LLC*, 19-CV-2810(KAM)(SJB), 2020 WL 7246437, at *5 (E.D.N.Y. Dec. 9, 2020) (at the pleading stage a plaintiff must plausibly allege that "(1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision.").

Plaintiff's allegation that, following the cancellation of the Italian major, he was assigned to teach two English courses with an undesirable schedule does not constitute an adverse employment action. *Williams v. N.Y.C. Housing Auth.*, 03-CV-7764 (WHP), 2008 WL 2695139, at *3 (S.D.N.Y. June 29, 2008) ("Where assignments fall within the duties of a plaintiff's position, 'receiving unfavorable schedules or work assignments . . . do[es] not rise to the level of [an] adverse employment action.") (quoting *Smalls v. Allstate Ins. Co.*, 396 F. Supp. 2d 364, 371 (S.D.N.Y. 2005)); *Arroyo-Horne v. City of New York*, 16-CV-03857, 2018 WL 4259866, at * 12 (E.D.N.Y. Sept. 5, 2018) (change in work schedule is not an adverse employment action where Plaintiff has not alleged that the schedule change had any impact on the conditions of her employment.).

Hon. Brian M. Cogan
January 7, 2021
Page 4 of 5

Moreover, Plaintiff's allegations that the Italian major was cancelled for discriminatory reasons are entirely conclusory and therefore cannot withstand a motion to dismiss. *Durand*, 2020 WL 7246437, at *5 ("Naked assertions of [] discrimination . . . without any specific allegation of a causal link between the [d]efendants' conduct and the [p]laintiff's [membership in a protected class], [are] too conclusory to withstand a motion to dismiss.") (quoting *Gaddy v. Waterfront Comm'n*, 13-CV-3322 (AT)(HBP), 2014 WL 4739890, at *5 (S.D.N.Y. Sept. 19, 2014)); *see also Jackson v. County of Rockland*, 450 Fed. App'x, 15, 19 (2d Cir. 2011) (summary order) ("[B]ald assertions of discrimination . . . unsupported by any comments, actions, or examples of similarly-situated individuals outside of [plaintiff's] protected class being treated differently, from which [the court] could infer that the defendants possessed a discriminatory or retaliatory motive, are implausible and insufficient to survive a motion to dismiss."). Plaintiff has not alleged any comments or actions indicating that CUNY's actions were motivated by Plaintiff's national origin. To the extent Plaintiff is trying to raise an inference of discrimination by alleging disparate treatment, his allegations are entirely insufficient. "'[A] plaintiff relying on disparate treatment evidence must show [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [himself]' and that the similarly situated comparators received better treatment." *Blige v. City University of New York*, 15-CV-08873 (GBD)(KHP), 2017 WL 498580, at *9 (S.D.N.Y. Jan. 19, 2017) (report and recommendation) (quoting *Johnson v. Andy Frain Servs. Inc.*, 638 Fed. App'x 68, 70 (2d Cir. 2016)); *see also Yan v. Ziba Mode Inc.*, No. 15-CV-47 (RJS), 2016 WL 1276456, at *5 (S.D.N.Y. Mar. 29, 2016) ("[t]o withstand a motion to dismiss, a plaintiff must allege specific examples of others similarly situated who were treated more favorably.") (internal citations omitted). The Complaint does not provide any allegations regarding purported comparators. Plaintiff's bare allegation that Arabic and Japanese classes were not cancelled does not provide specific examples of other similarly situated professors who were allegedly treated more favorably and thus cannot raise an inference of discrimination. *Blige*, 2017 WL 498580, at *9 ("Numerous courts within the Second Circuit have granted motions to dismiss disparate treatment claims where the complaint was entirely devoid of any details regarding the purported comparators, *e.g.*, who they are, what their positions or responsibilities were at [the company], how their conduct compared to plaintiffs' or how they were treated differently by defendants.") (internal quotations and citation omitted).

### *Request to Stay Discovery*

In light of their anticipated motion to dismiss, Defendants respectfully request, with Plaintiff's consent, that the Court stay discovery pending resolution of the motion. "Under Federal Rule of Civil Procedure 26(c), a court has discretion to stay discovery 'for good cause.'" *Boelter v. Hearst Communs., Inc.,* 15-CV-03934 (AT), 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Id*. (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). A dispositive motion that implicates the court's subject matter jurisdiction, like the one Defendants intend to file, provides particularly good cause for a stay of discovery because it is "the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction." *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013). Moreover, as discussed above, and as will be further described in Defendants' pre-motion letter, Plaintiff fails to state a plausible claim of discrimination in

Hon. Brian M. Cogan
January 7, 2021
Page 5 of 5

connection with the cancellation of the Italian major at Brooklyn College.

      The inherent lack of merit to Plaintiff's claims militates in favor of granting a stay of discovery. *Chesny v. Valley Stream Union Free School Dist. No. 24*, 236 F.R.D. 113, 116 (granting stay of discovery in Title VII action where, *inter alia*, defendants' motion to dismiss raises "substantial claims made that the allegations fail to adequately set forth even minimal facts to support a cause of action against the named individual defendants, as well as several of the federal and state causes of action . . ."). As to prejudice, none exists here because Plaintiff has consented to stay discovery pending the resolution of Defendants' motion. Moreover, "with the viability of the [] Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice." *Spinelli v. Nat'l Football League*, 13-CV-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015); *see also Spencer Trask Software*, 206 F.R.D. at 368 ("[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.") (quoting *Rivera v. Heyman*, 96-CV-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)). Given the strength of the arguments in Defendants' anticipated motion to dismiss and the lack of prejudice to Plaintiff at this stage of litigation, there is good cause to stay discovery pending resolution of the motion to dismiss.

                                                   Respectfully submitted,

                                                   */s/ Shaina Schwartz*
                                                   Shaina L. Schwartz
                                                   Assistant Attorney General
                                                   212-416-8560
                                                   shaina.schwartz@ag.ny.gov

cc:      All parties of record (*via* ECF)