UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LUIGI BONAFFIIN

*Plaintiff,*

-against-

Case No. 20-cv-05118

THE CITY UNIVERSITY OF NEW YORK
And ANNE LOPEZ, as Provost,

*Defendants.*

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*
28 Liberty Street
New York, New York 10005

Shaina L. Schwartz
Assistant Attorney General
*Of Counsel*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF ALLEGED FACTS..................................................................................... 2

STANDARD OF REVIEW ....................................................................................................... 3

ARGUMENT ............................................................................................................................. 4

    I.    THE ELEVENTH AMENDMENT BARS PLAINTIFF'S ADEA, ADA, NYSHRL, AND NYCHRL CLAIMS .................................................................................... 4

    II.    PLAINTIFF FAILS TO STATE A CLAIM UNDER TITLE VII .............................. 5

        a.   Individual Defendants Cannot Be Liable Under Title VII...................................... 6

        b.   Title VII Does Not Include Claims for Age or Disability Discrimination ............. 6

        c.   Plaintiff Fails To Plausibly Allege An Adverse Employment Action................... 7

        d.   Plaintiff Fails to Plausibly Allege An Inference of Discrimination...................... 11

CONCLUSION......................................................................................................................... 17

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arroyo-Horne v. City of N.Y.*,
  16-cv-03857 (MKB), 2018 WL 4259866 (E.D.N.Y. Sept. 5, 2018) ...................................7, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................................................3, 12

*Atonmarchi v. Consolidated Edison Co. of N.Y., Inc.*,
  03-cv-7735(LTS)(KNF), 2008 WL 4444609 (S.D.N.Y. Sept. 29, 2008).................................9

*Bel Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................................................3, 6

*Boise v. Boufford*,
  121 F. App'x 890 (2d Cir. 2005) ...............................................................................................8

*Bornholdt v. Brady*,
  869 F.2d 57 (2d Cir. 1989)..........................................................................................................7

*Brown v. Daikin Am. Inc.*,
  756 F.3d 219 (2d Cir. 2014)......................................................................................................14

*Brown v. Henderson*,
  257 F.3d 246 (2d Cir. 2001)........................................................................................................5

*Browne v. City Univ. of N.Y.*,
  419 F. Supp. 2d 315 (E.D.N.Y. 2005), aff'd sub nom. *Browne v. Queens Coll.*
  *City Univ. of N.Y.*, 202 F. App'x 523 (2d Cir. 2006).................................................................8

*Chizman v. Nassau Bd. of Coop. Educ. Servs.*,
  14-cv-5910 (JS)(AKT), 2015 WL 13721528 (E.D.N.Y. Aug. 20, 2015)................................10

*Curtis v. DiMaio*,
  46 F. Supp. 2d 206 (E.D.N.Y. 1999), aff'd, 205 F.2d 1322 (2d Cir. 2000)............................11

*De La Pena v. Metrop. Life Ins. Co.*,
  953 F. Supp. 2d 393 (E.D.N.Y. 2013) .....................................................................................11

*Deras v. Metrop. Transp. Auth.*,
  11-cv-5912 (RRM)(CLP), 2013 WL 1193000 (E.D.N.Y. Mar. 22, 2012)..............................11

*Durand v. Excelsior Care Grp. LLC*,
  19-cv-2810 (KAM)(SJB), 2020 WL 7246437 (E.D.N.Y. Dec. 9, 2020)............................7, 12

*Durick v. N.Y.C. Dep't of Educ.*,
   202 F. Supp. 3d 277 (E.D.N.Y. 2016) ...................................................................................9

*Edwards v. N.Y. State Off. of Mental Health*,
   16-cv-1397 (BMC), 2017 WL 666227 (E.D.N.Y. Feb. 20, 2017)............................................4

*Finkelshteyn v. Staten Isl. Univ. Hosp.*,
   687 F. Supp. 2d 66 (E.D.N.Y. 2009) ................................................................................10, 11

*Frederick v. United Broth. Of Carpenters and Joiners of Am. (UBCJA) Local 962*,
   12-cv-2387 (BMC), 2014 WL 5783045 (E.D.N.Y. Nov. 6, 2014)...........................................14

*Fukelman v. Delta Air Lines, Inc.*,
   18-cv-2 (PKC)(PK), 2020 WL 4587496 (E.D.N.Y. Apr. 13, 2020)...................................15, 16

*Gaddy v. Waterfront Comm'n*,
   13-cv-3322 (AT) (HPB), 2014 WL 4739890 (S.D.N.Y. Sept. 19, 2014)................................12

*Galabaya v. N.Y.C. Bd. of Educ.*,
   202 F.3d 636 (2d Cir. 2000)...................................................................................................8

*Guity v. Uniondale Union Free Sch. Dist.*,
   15-cv-5693 (SJF)(AKT), 2017 WL 9485647 (E.D.N.Y. Feb. 23, 2017)...................................8

*Hagood v. Rubin & Rothman LLC*,
   14 Civ. 341 (SJF)(AKT), 2014 WL 6473527 (E.D.N.Y. Nov. 17, 2014) ................................6

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009)................................................................................................ 3-4

*Henny v. New York*,
   842 F. Supp. 2d 530 (S.D.N.Y. 2012)....................................................................................4

*Hill v. Rayboy-Brauestein*,
   467 F. Supp. 2d 336 (S.D.N.Y. 2006)....................................................................................9

*Hollingsworth v. Theatrical Teamsters Union Local 817 IBT*,
   16-cv-4700 (JMA)(AYS), 2020 WL 2219212 (E.D.N.Y. May 7, 2020) ...............................16

*Hongmian Gong v. City Univ. of N.Y.*,
   18-cv-3027 (LGS), 2019 WL 952340 (S.D.N.Y. Feb. 27, 2019) ....................................15, 16

*Jones v. Target Corp.*,
   15-cv-4672 (MKB), 2016 WL 50779 (E.D.N.Y. Jan. 4, 2016) ..............................................12

*Kajoshaj v. N.Y.C. Dep't of Educ.*,
   543 F. App'x 11 (2d Cir. 2013) ............................................................................................13

*Klein v. New York Univ.*,
786 F. Supp. 2d 830 (S.D.N.Y. 2011)..................................................................................8

*Komantaros v. City Univ. of N.Y.*,
03-cv-10170 (GEL), 2007 WL 840115 (S.D.N.Y. Mar. 19, 2007) ..........................................4

*Littlejohn v. City of New York*,
795 F.3d 297 (2d Cir. 2015).................................................................................................5

*Lohan v. Perez*,
924 F. Supp. 2d 447 (E.D.N.Y. 2013) ................................................................................13

*MacAlister v. Millenium Hotels & Resorts*,
17-cv-6189 (ER), 2018 WL 5886440 (S.D.N.Y. Nov. 8, 2018)...............................................13

*MacDonald v. Presbyterian Hosp.*,
94-cv-1281 (WK), 1996 WL 14436 (S.D.N.Y. Jan. 16, 1996)...................................................7

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000)..................................................................................................3

*Martin v. Citibank*,
762 F.2d 212 (2d Cir. 1985)................................................................................................11

*Mesias v. Cravath, Swaine & Moore LLP*,
106 F. Supp. 3d 431 (S.D.N.Y. 2015)..................................................................................15

*O'Neal v. State Univ. of N.Y.*,
CV-01-7802, 2006 WL 3246935 (E.D.N.Y. Nov. 8, 2006) ....................................................10

*Pacheo v. N.Y. Presbyterian Hosp.*,
593 F. Supp. 2d 599 (S.D.N.Y. 2009)...................................................................................9

*Patane v. Clark*,
508 F.3d 106 (2d Cir. 2007)..........................................................................................5, 9, 12

*Penn. State Police v. Suders*,
542 U.S. 129 (2004)............................................................................................................10

*Perry v. State of N.Y. Dep't of Labor*,
08-cv-4610 (PKC), 2009 WL 2575713 (S.D.N.Y. Aug. 20, 2009), aff'd, 398
F. App'x 628 (2d Cir. 2010) ...............................................................................................14

*Pierce v. Gareb Shamus Enter., Inc.*,
09-cv-1564 (SLT), 2010 WL 11626894 (E.D.N.Y. July 2, 2010).............................................6

*Porter v. Half Hollow Hills Cent. Sch. Dist.*,
17-cv-5006 (SJF)(ARL), 2019 WL 4696384 (S.D.N.Y. Sept. 26, 2019)..........................10-11

*Reynolds v. Barrett*,
685 F.3d 193 (2d Cir. 2012)..................................................................................6

*Rodriguez v. Glen Cove City Sch. Dist.*,
14-cv-3815(JS)(ARL), 2016 WL 951524 (E.D.N.Y. Mar. 8, 2016) .........................................8

*Roth v. Jennings*,
489 F.3d 499 (2d Cir. 2007)...................................................................................13

*Sanders v. N.Y.C. Human Res. Admin.*,
361 F.3d 749 (2d Cir. 2004)...................................................................................7

*Sank v. City Univ. of N.Y.*,
10-cv-4975, 2011 WL 5120668 (S.D.N.Y. Oct. 28, 2011)........................................................5

*Schwapp v. Town of Avon*,
118 F.3d 106, 110 (2d Cir. 1997)..............................................................................11

*Schwartz v. York College*,
06-CV-6754 (RRM)(LB), 2009 WL 3259379 (E.D.N.Y. Mar. 31, 2009) ............................ 4-5

*Sinnett v. Delta Air Lines, Inc.*,
278 F. Supp. 3d 599 (E.D.N.Y. 2017) ...............................................................14, 16

*Skalafuris v. City of N.Y.*,
444 F. App'x 466 (2d Cir. 2011) .........................................................................4

*Smalls v. Allstate Ins. Co.*,
396 F. Supp. 2d 364 (S.D.N.Y. 2005)........................................................................10

*Soloviev v. Goldstein*,
104 F. Supp. 3d 232 (E.D.N.Y. 2015) ....................................................................5

*Sosa v. N.Y.C. Dep't of Educ.*,
368 F. Supp. 3d 489 (E.D.N.Y. 2019) ..................................................................7, 16

*Soto v. Marist College*,
17-cv-7976 (KMK), 2019 WL 2371713 (S.D.N.Y. June 5, 2019)........................................13

*Terry v. Ashcroft*,
336 F.3d 128 (2d Cir. 2003).....................................................................................7

*Uwakwe v. Bridging Access to Care, Inc.*,
15-cv-06703 (DLI)(RER), 2017 WL 1048070 (E.D.N.Y. Mar. 16, 2017)....................... 15-16

*Vega v. Hempstead Union Free School Dist.*,
801 F.3d 72 (2d Cir. 2015)............................................................................5-6, 11-12

*Williams v. N.Y.C. Hous. Auth.*,
   03-cv-7764 (WHP), 2008 WL 2695139 (S.D.N.Y. June 29, 2008) ..........................................9

*Williams v. N.Y.S. Unified Court Sys. Office of Court Admin.*,
   16-cv-2061 (VSB), 2017 WL 4402562 (S.D.N.Y. Sept. 30, 2017)........................................15

*Wilson v. Family Dollar Stores of N.Y., Inc.*,
   cv-06-639, 2008 WL 4426957 (E.D.N.Y. Sept. 25, 2008) ....................................................10

*Wooding v. Winthrop Univ. Hosp.*,
   16-cv-4477 (ADS)(ARL), 2017 WL 2559942 (E.D.N.Y. June 12, 2017) ..............................15

*Wrighten v. Glowski*,
   232 F.3d 119 (2d Cir. 2000)...................................................................................................6

## CONSTITUTIONS

U.S. Const. amend. XI ......................................................................................................... 1, 4-5

## FEDERAL STATUTES

42 U.S.C.
   § 12111 *et seq* ................................................................................................................ 1, 3-5
   § 2000e *et seq*...................................................................................................... passim
   § 2000e-2(a) ..........................................................................................................................6

29 U.S.C.
   § 623................................................................................................................................ 1, 3-5

## STATE STATUTES

N.Y. Exec. Law § 296...............................................................................................................1

## RULES

Fed. R. Civ. P.
   12(b)(1) ...................................................................................................................1, 2, 3, 5
   12(b)(6) .....................................................................................................................1, 3, 13

## MISCELLANEOUS AUTHORITIES

N.Y.C. Admin. Code § 8-101 ....................................................................................................1

Defendants City University of New York ("CUNY") and Anne Lopes[1] (together, "Defendants"), respectfully submit this memorandum of law in support of their motion, brought pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P") to dismiss the Amended Complaint, filed January 28, 2021 (the "Amended Complaint" Or "Am. Compl."), in its entirety and with prejudice.

## PRELIMINARY STATEMENT

Plaintiff Luigi Bonaffini ("Plaintiff" or "Bonaffini") brings this employment action against Defendants, asserting that he has been subjected to discrimination based on national origin, age, and disability in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq*.) ("Title VII"), the New York State Human Rights Law (N.Y. Exec. Law § 296) ("NYSHRL"), the New York City Human Rights Law (Administrative Code § 8-101) ("NYCHRL"), Title I of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12111 *et seq*) ("ADA"), and the Age Discrimination in Employment Act ("ADEA").

The gravamen of the Amended Complaint is the cancellation of the Italian major at CUNY's Brooklyn College. Plaintiff, a former professor of Italian studies, alleges that after the major was cancelled, Defendants discriminated against him by cancelling various Italian classes, assigning him to teach courses outside of his area of expertise, and denying his request for accommodation to teach online courses, ultimately forcing him to retire. Am. Compl. ¶¶ 43, 48, 53, 63, 64. For the reasons set forth in more detail herein, Plaintiff's claims should be dismissed in their entirety.

As an initial matter, the Eleventh Amendment precludes Plaintiff's NYSHRL, NYCHRL, ADA, and ADEA claims. Further, the Amended Complaint fails to state a claim under Title VII because Plaintiff failed to allege that he suffered an adverse employment action or that Defendants

---

[1] The Amended Complaint incorrectly identified Defendant Anne Lopes as "Anne Lopez."

1

acted with discriminatory intent. Accordingly, for the reasons set forth below, Defendants request that the Court dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and (b)(6).

**STATEMENT OF ALLEGED FACTS[2]**

Plaintiff is 72 years old and is of Italian origin. *Id*. ¶¶ 8, 22. Plaintiff taught Italian studies at Brooklyn College starting in or about September 1977 until in or around early 2020. Am. Compl. ¶¶ 23, 64. Plaintiff claims that Defendant Anne Lopes, Provost of Brooklyn College, held a meeting in September 2019, informing Plaintiff and the faculty of the Italian Division that Brooklyn College would no longer offer an Italian major and various Italian classes. *Id*. ¶¶ 36-38. At the meeting, Provost Lopes allegedly also informed the members of the Italian faculty that, in light of the cancellation of the Italian major and classes, they would be required to teach general educational courses, courses in other departments, or be placed on administrative leave. *Id*. ¶39. Plaintiff claims that he objected to Provost Lopes' decision because the Italian program is a "protected Affirmative Action group at CUNY", and that Provost Lopes dismissed his concerns and responded with a comment purportedly referencing Plaintiff's age. *Id*. ¶40.

Plaintiff further alleges that Professor Perez-Rosario, the former Chair of the Department of Modern Languages and Literatures, held a follow-up meeting in October 2019 announcing that all elementary Italian classes would be cancelled for the Fall 2019 and Spring 2020 semesters, despite nearly full registration for the Fall 2019 semester. Plaintiff claims that other language classes, such as Arabic and Japanese, were assigned a full class for Spring 2020. *Id*. ¶¶ 44-47. Brooklyn College then allegedly assigned Plaintiff to teach two English classes for the Spring 2020 semester, one at 9:00 a.m. and one at 3:00 p.m. *Id*. ¶ 49.

Finally, Plaintiff claims that, because of his hearing loss, he had been teaching courses online "for the last few years." *Id*. ¶¶ 33, 35. In or around September 2019, Plaintiff alleges that

---

[2] The truth of Plaintiff's non-conclusory factual allegations is assumed only for purposes of this motion to dismiss.

2

he requested an accommodation to teach three classes online for the Spring of 2020 (accompanied by a recommendation from an audiologist). *Id*. ¶ 57. According to Plaintiff, Brooklyn College required him to submit to additional testing and ultimately denied his accommodation request. *Id*. ¶¶ 58-60. Plaintiff alleges that there was no reasonable basis to cancel the Italian courses or deny his accommodation request other than to discriminate against him, and as a result he was forced to retire in early 2020. *Id*. ¶¶ 63-64.

Based on these allegations, Plaintiff purports to assert a total of twelve (12) claims against CUNY and Provost Lopes under Title VII, the ADA, the ADEA, the NYSHRL, and the NYCHRL. *Id*. ¶¶ 65-124. He seeks at least $1 million in damages for each claim. *Id*. at pp. 20-22. For the reasons described below, Plaintiffs' claims should be dismissed in their entirety.

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*.

To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bel Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S at 556). The "plausibility standard" is guided by "two working principles." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft*, 556 U.S. 662). "First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of

3

action, supported by mere conclusory statements, do not suffice." *Id*. (internal quotation marks omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## ARGUMENT

### I. THE ELEVENTH AMENDMENT BARS PLAINTIFF'S ADEA, ADA, NYSHRL, AND NYCHRL CLAIMS

"The Eleventh Amendment bars a suit against a state or one of its agencies for money damages in federal court unless either Congress has clearly abrogated the states' immunity or the state has unequivocally waived its immunity." *Edwards v. N.Y. State Off. of Mental Health*, 16-cv-1397 (BMC), 2017 WL 666227, at \*9 (E.D.N.Y. Feb. 20, 2017). "Importantly, this Eleventh Amendment immunity extends to state employees acting in their official capacities." *Id*. The State of New York's sovereign immunity has not been abrogated, nor has it otherwise consented to be subject to Title I of the ADA or the ADEA. *See Skalafuris v. City of N.Y.*, 444 F. App'x 466, 468 (2d Cir. 2011) (ADEA); *Henny v. New York*, 842 F. Supp. 2d 530, 544 (S.D.N.Y. 2012) (ADA). The Eleventh Amendment also bars suits in federal court against non-consenting states for violations of state law, including the NYSHRL and NYCHRL. *Komantaros v. City Univ. of N.Y.*, 03-cv-10170 (GEL), 2007 WL 840115, at \*5 (S.D.N.Y. Mar. 19, 2007); *Edwards*, 2017 WL 666227, at \*9.

CUNY's senior colleges have "consistently been deemed state entities for sovereign immunity purposes." *Schwartz v. York College*, 06-CV-6754 (RRM)(LB), 2009 WL 3259379, at \*2 (E.D.N.Y. Mar. 31, 2009). As such, Eleventh Amendment immunity precludes Plaintiff's NYSHRL, NYCHRL, ADA, and ADEA claims against both CUNY and Defendant Lopes, who is

4

sued solely in her capacity as Provost of Brooklyn College. *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 244 (E.D.N.Y. 2015) ("[T]he ADA, ADEA . . . NYSHRL, NYCHRL . . . claims against CUNY are barred by the Eleventh Amendment."); *see also Sank v. City Univ. of N.Y.*, 10-cv-4975, 2011 WL 5120668, at *5 (S.D.N.Y. Oct. 28, 2011) ("Here, no valid waiver or abrogation of immunity has been presented with respect to [plaintiff's] employment discrimination claims against CUNY pursuant to the ADEA, ADA, NYSHRL, and the NYCHRL."); *Schwartz*, 2009 WL 3259379, at *3.

As a result, Plaintiffs' claims under the ADA, the ADEA, the NYSHRL and the NYCHRL should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

## II.   PLAINTIFF FAILS TO STATE A CLAIM UNDER TITLE VII

"'It is axiomatic that mistreatment at work . . . is actionable under Title VII only when it occurs because of an employee's sex, or other protected characteristic.'" *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)). Accordingly, at the pleading stage, "a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). More specifically, the plaintiff must "plausibly allege facts that provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Id.* at 86-87 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). A plaintiff can satisfy this burden "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87. Thus, "[o]n a motion to dismiss, the question is…whether the well-pleaded factual allegations *plausibly* give rise to an inference of unlawful discrimination, *i.e.*, whether plaintiffs

5

allege enough to 'nudge[] their claims across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570) (emphasis in original).

Plaintiff has failed to satisfy these pleading requirements. Indeed, the Amended Complaint, without providing any facts to support his allegations, asks the Court to believe that CUNY cancelled the Italian major at Brooklyn College to discriminate against three professors because of their national origin even though Plaintiff had been teaching Italian at Brooklyn College for more than four decades. In doing so, Plaintiff asks the Court to ignore his own allegations to the Equal Opportunity Employment Commission ("EEOC") which demonstrate declining enrollment and waning student interest in the Italian major following the cancellation of the language requirement at Brooklyn College. These allegations do not give rise to a plausible inference of discrimination.

### a. Individual Defendants Cannot Be Liable Under Title VII

As an initial matter, Plaintiff's Title VII claims must be dismissed against Provost Lopes because it is well established that "[e]mployers, not individuals, are liable under Title VII." *Hagood v. Rubin & Rothman LLC*, 14 Civ. 341 (SJF)(AKT), 2014 WL 6473527, at *7 (E.D.N.Y. Nov. 17, 2014) (quoting *Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012)); *Wrighten v. Glowski*, 232 F.3d 119 (2d Cir. 2000) (affirming dismissal of Title VII claims against individual defendants because "individuals are not subject to liability under Title VII.").

### b. Title VII Does Not Include Claims for Age or Disability Discrimination

Title VII prohibits employers from discriminating against an individual based on "race, color, religion, sex, or national origin." 42 U.S.C. §§ 2000e-2(a). To the extent Plaintiff's Title VII claims includes allegations of discrimination based on age or disability, those claims must fail because Title VII does not protect against discrimination based on age or disability. *See Pierce v. Gareb Shamus Enter., Inc.*, 09-cv-1564 (SLT), 2010 WL 11626894, at *3 (E.D.N.Y. July 2, 2010)

6

("Plaintiff's discrimination allegations are based solely on his age – a category not protected by Title VII."); *Bornholdt v. Brady*, 869 F.2d 57, 62 (2d Cir. 1989) ("Title VII plainly does not apply, since that statute governs complaints relating only to discrimination on the basis of race, color, religion, sex, or national origin, and not discrimination on the basis of age."); *MacDonald v. Presbyterian Hosp.*, 94-cv-1281 (WK), 1996 WL 14436, at *2 (S.D.N.Y. Jan. 16, 1996) ("Title VII does not apply to discrimination based on disability, and so plaintiff has failed to state a claim thereunder.").

### c. Plaintiff Fails To Plausibly Allege An Adverse Employment Action

Further, the Amended Complaint fails to state a claim for national origin discrimination pursuant to Title VII and should be dismissed.  At the pleading stage a plaintiff must plausibly allege that "(1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Durand v. Excelsior Care Grp. LLC*, 19-cv-2810 (KAM)(SJB), 2020 WL 7246437, at *4 (E.D.N.Y. Dec. 9, 2020).  "A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." *Sosa v. N.Y.C. Dep't of Educ.*, 368 F. Supp. 3d 489, 495 (E.D.N.Y. 2019).  "To be materially adverse, a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) (*quoting Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003)).  "Examples of such a change include 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation.'" *Id*.  "[C]onduct that is a 'mere inconvenience' does not rise to the level of an adverse employment action." *Arroyo-Horne v. City of N.Y.*, 16-cv-03857 (MKB), 2018 WL 4259866, at * 10 (E.D.N.Y. Sept. 5, 2018) (quoting *Sanders*, 361 F.3d at 755)*.*

7

The Amended Complaint alleges that Plaintiff purportedly suffered an adverse employment action when CUNY cancelled Italian classes and assigned Plaintiff to teach English courses with an undesirable teaching schedule. Am. Compl. ¶¶ 48, 50, 53. These actions do not rise to the level of an adverse employment action. "A university professor's dissatisfaction with course assignments when he or she 'does not allege any resulting loss in wages' is not an adverse employment action." *Klein v. New York Univ.*, 786 F. Supp. 2d 830, 847 (S.D.N.Y. 2011) (quoting *Boise v. Boufford*, 121 F. App'x 890, 892-93 (2d Cir. 2005). Even though a change in teaching responsibilities may constitute an adverse employment action if the assignment is "materially less prestigious, materially less suited to [a plaintiff's] skill and expertise, or materially less conducive to career advancement," *Galabaya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 641 (2d Cir. 2000), Plaintiff has not alleged that teaching English courses for the Spring 2020 semester presented a setback to his career, constituted a demotion, or impacted his salary or other tangible benefits. *See Rodriguez v. Glen Cove City Sch. Dist.*, 14-cv-3815(JS)(ARL), 2016 WL 951524, at *4 (E.D.N.Y. Mar. 8, 2016) ("Not all lateral transfers within an institution rise to the level of an adverse employment action. Only internal transfers which 'result[] in a change in responsibilities so significant as to constitute a setback to the plaintiff's career' are actionable, while 'pure' lateral transfers – those which cannot be classified as demotion in form or substance – are not."); *see also Guity v. Uniondale Union Free Sch. Dist.*, 15-cv-5693 (SJF)(AKT), 2017 WL 9485647, at *16 (E.D.N.Y. Feb. 23, 2017) ("Plaintiff fails to plead any facts showing that the denial of [her teaching] preference negatively 'impact[ed] plaintiff's compensation, benefits, seniority, tenure or promotion opportunities.'") (quoting *Browne v. City Univ. of N.Y.*, 419 F. Supp. 2d 315, 333 (E.D.N.Y. 2005), *aff'd sub nom. Browne v. Queens Coll. City Univ. of N.Y.*, 202 F. App'x 523 (2d Cir. 2006)). In fact, the Complaint is bereft of facts alleging that Plaintiff suffered any harm from being assigned to teach English classes. As a result, the Amended Complaint fails to allege that

8

Plaintiff suffered an adverse employment action by teaching English courses. *See Durick v. N.Y.C. Dep't of Educ.*, 202 F. Supp. 3d 277, 287-288 (E.D.N.Y. 2016) ("[Plaintiff] does not articulate how the change in her 2014-2015 class schedule constitutes an adverse employment action."); *Hill v. Rayboy-Brauestein*, 467 F. Supp. 2d 336, 352 (S.D.N.Y. 2006) ("To be an adverse employment action, these actions must be accompanied by materially adverse changes in employment, such as a demotion or a loss of wages.").

Similarly, Plaintiff's allegation that CUNY assigned him a schedule with a long break between classes, Am. Compl. ¶ 49, does not constitute an adverse employment action because Plaintiff has not alleged that the schedule change had any impact (much less a materially adverse impact) on the conditions of his employment. "A change in schedule, without more, is not an adverse employment action for purposes of a discrimination claim." *Arroyo-Horne*, 2018 WL 4259866, at *11; *Atonmarchi v. Consolidated Edison Co. of N.Y., Inc.*, 03-cv-7735(LTS)(KNF), 2008 WL 4444609, at *14 (S.D.N.Y. Sept. 29, 2008) ("Unfavorable hours do not constitute an adverse employment action for the purposes of Title VII."); *Pacheo v. N.Y. Presbyterian Hosp.*, 593 F. Supp. 2d 599, 619 (S.D.N.Y. 2009) ("[T]he slight change in Plaintiff's work schedule, by itself, did not amount to an adverse employment action.") (collecting classes).   Plaintiff's claim that a five-hour break between classes is "unheard of" amounts to nothing more than a mere inconvenience (at best), which is not actionable as an adverse employment action. *See Arroyo-Horne*, 2018 WL 4259866, at * 10-11; *Patane*, 508 F.3d at 112 ("We have explained that an action must cause a materially adverse change in the terms and conditions of employment, and not just mere inconvenience, in order to qualify as adverse.") (internal quotation marks omitted).  Without alleging any facts that the five-hour break changed the terms and conditions of his employment, Plaintiff's dissatisfaction with his work schedule does not constitute an adverse employment action. *See Williams v. N.Y.C. Hous. Auth.*, 03-cv-7764 (WHP), 2008 WL 2695139, at *3

(S.D.N.Y. June 29, 2008) ("'[R]eceiving unfavorable schedules or work assignments do[es] not rise to the level of [an] adverse employment action.'") (quoting *Smalls v. Allstate Ins. Co.*, 396 F. Supp. 2d 364, 371 (S.D.N.Y. 2005)).

Plaintiff further alleges that he was forced to retire due Defendants' purported "discriminatory and humiliating treatment." Am. Compl. ¶ 64.  While constructive discharge can be a form of adverse employment action, *Chizman v. Nassau Bd. of Coop. Educ. Servs.*, 14-cv-5910 (JS)(AKT), 2015 WL 13721528, at *6 (E.D.N.Y. Aug. 20, 2015), a constructive discharge only occurs when the employer "deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation."  *Porter v. Half Hollow Hills Cent. Sch. Dist.*, 17-cv-5006 (SJF)(ARL), 2019 WL 4696384, at *7 (S.D.N.Y. Sept. 26, 2019).  "A constructive discharge cannot be established through a showing that the employee was dissatisfied with the nature of his assignments . . . or where the working conditions were difficult or unpleasant." *Chizman*, 2015 WL 13721528, at *6.  Rather, "constructive discharge is a 'worse case' harassment scenario, a hostile working environment 'ratcheted up to the breaking point.'" *O'Neal v. State Univ. of N.Y.*, CV-01-7802 (DGT), 2006 WL 3246935, at *12 (E.D.N.Y. Nov. 8, 2006) (quoting *Penn. State Police v. Suders*, 542 U.S. 129, 147 (2004)).  "[A] successful constructive discharge claim requires a showing not only that [employer] was a hostile working environment for [plaintiff], but that it was so severely hostile to have compelled her reasonably to quit." *Wilson v. Family Dollar Stores of N.Y., Inc.*, cv-06-639 (DGT), 2008 WL 4426957, at *9 (E.D.N.Y. Sept. 25, 2008). "[U]nless conditions are beyond ordinary discrimination, a complaining employee is expected to remain on the job while seeking redress." *Finkelshteyn v. Staten Isl. Univ. Hosp.*, 687 F. Supp. 2d 66, 86 (E.D.N.Y. 2009) (internal quotation marks omitted).

10

Plaintiff has not alleged any harassing conduct that would constitute a hostile work environment[3] and therefore cannot sustain a claim for constructive discharge. *See De La Pena v. Metrop. Life Ins. Co.*, 953 F. Supp. 2d 393, 419 (E.D.N.Y. 2013) (finding allegations insufficient to assert a claim for constructive discharge where plaintiff had not sufficiently pleaded an intolerable workplace). Resignation born from professional frustration, like Plaintiff's, does not suffice to establish a claim for constructive discharge. *Finkelshteyn*, 687 F. Supp. 2d at 86 (citing *Martin v. Citibank*, 762 F.2d 212, 221 (2d Cir. 1985)); *see also Porter*, 2019 WL 4696384, at *7 ("To the extent [the plaintiff] was unhappy with the reassignment, such dissatisfaction does not, by itself, support a constructive discharge claim."). Plaintiff's claim that that he was forced to retire because he was asked to teach classes outside his area of expertise with a less desirable schedule is entirely born of professional frustration, not harassment, and does not constitute constructive discharge.

### d. Plaintiff Fails to Plausibly Allege An Inference of Discrimination

Moreover, even if the Court determines that Plaintiff has adequately alleged that he suffered an adverse employment action, the Court must determine whether Plaintiff alleges "facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega*, 801 F.3d at 87. The Amended Complaint is notably devoid of factual allegations which, if true, would plausibly suggest that CUNY's actions were motivated by Plaintiff's national origin.

---

[3] To make out a hostile work environment claim, a plaintiff must establish that "his workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his work environment." *Deras v. Metrop. Transp. Auth.*, 11-cv-5912 (RRM)(CLP), 2013 WL 1193000, at *7 (E.D.N.Y. Mar. 22, 2012). The conduct alleged "must be severe and pervasive enough to create an environment that would reasonably be perceived, and is perceived, as hostile or abusive." *Id.* (quoting *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997)). "Hostile work environment claims are meant to protect individuals from abuse and trauma that is severe." *Id.* (quoting *Curtis v. DiMaio*, 46 F. Supp. 2d 206, 213-14 (E.D.N.Y. 1999), *aff'd*, 205 F.2d 1322 (2d Cir. 2000)). Plaintiff does not allege any treatment that would satisfy this standard.

The "*sine qua non* of a . . . discriminatory action claim under Title VII is that the discrimination must be because of" the employee's protected characteristic – here, Bonaffini's national origin. *Patane*, 508 F.3d at 112. Absent direct evidence of discriminatory intent, "courts focus on whether a plaintiff's allegations support a 'plausible inference of discrimination.'" *Jones v. Target Corp.*, 15-cv-4672 (MKB), 2016 WL 50779, at *3 (E.D.N.Y. Jan. 4, 2016) (quoting *Vega.*, 801 F.3d at 87). A discrimination claim is properly dismissed where the plaintiff fails "to plead any facts that would create an inference that any adverse action taken by any defendant was based upon" a protected characteristic. *Patane*, 508 F.2d at 112 (internal quotation marks omitted).

The Amended Complaint does not allege or even suggest that any relevant decision-maker engaged in any conduct from which discriminatory animus based on national origin could be reasonably inferred. Plaintiff's conclusory allegation that he "was being singled out based upon his national origin" is insufficient. *See Iqbal*, 556 U.S. at 678 (A complaint must contain "more than unadorned, the-defendant-unlawfully-harmed-me-accusation."); *see also Durand*, 2020 WL 7246437 at *5. ("Naked assertions of [] discrimination . . . without any specific allegation of a causal link between the [d]efendants' conduct and the [p]laintiff's [membership in a protected class], [are] too conclusory to withstand a motion to dismiss.") (citing *Gaddy v. Waterfront Comm'n*, 13-cv-3322 (AT) (HPB), 2014 WL 4739890, at *5 (S.D.N.Y. Sept. 19, 2014)). Even liberally read, the Amended Complaint fails to plead any facts linking Defendants' conduct to Plaintiff's national origin, or supporting a reasonable inference that Defendants discriminated against Plaintiff because of his protected characteristic. The fact that three faculty members who taught Italian were allegedly of Italian origin, Am. Compl. ¶ 43, does not raise an inference of discrimination regarding CUNY's decision to cancel the Italian major. [4]     *See MacAlister v.*

---

[4] Indeed, the Amended Complaint does not allege that the three Italian faculty referenced in the Amended Complaint (Plaintiff, Claire Huffman, and Fabio Girelli-Carasi) were the only faculty teaching Italian or whether there were any professors teaching Italian who were not of Italian origin. *See* Am. Compl. ¶ 43.

12

*Millenium Hotels & Resorts*, 17-cv-6189 (ER), 2018 WL 5886440, at \*6 (S.D.N.Y. Nov. 8, 2018) ("To make an inference of discriminatory motivation under Title VII, it is well settled that . . . discriminatory intent may be derived from a variety of circumstances, including . . . the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group.") (internal quotation marks omitted).  In fact, it is implausible to suggest that Brooklyn College would cancel an entire major to discriminate against three professors, especially considering Plaintiff had been teaching Italian at Brooklyn College for more than forty years.  *See* Am. Compl. ¶¶ 23-24.

Moreover, Plaintiff's weak discrimination claim is "further undermined by the fact that the Amended Complaint identifies Defendants' stated reason" for cancelling certain Italian classes, and Plaintiff "pleads no facts explaining why that reason was pretextual."  *See Soto v. Marist College*, 17-cv-7976 (KMK), 2019 WL 2371713, at \*6 (S.D.N.Y. June 5, 2019).    Where documents incorporated by reference provide a more plausible explanation for a defendant's actions, such an explanation may defeat the inference that those actions were motivated by discriminatory animus.  *See Kajoshaj v. N.Y.C. Dep't of Educ.*, 543 F. App'x 11, 14-15 (2d Cir. 2013) (summary order).  Here, Plaintiffs' Charge of Discrimination to the EEOC, which was filed as an exhibit to the Amended Complaint and referenced therein, Am. Compl. ¶ 5, offers such an explanation.[5]

The Amended Complaint acknowledges that Brooklyn College cancelled the Italian major, and therefore the courses needed for the major would no longer be offered.  Am. Compl. ¶ 38.  Plaintiff's Charge of Discrimination further acknowledges that Provost Lopes "informed the

---

[5] When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider facts "contained in '[d]ocuments that are attached to the complaint or incorporated in it by reference." *Lohan v. Perez*, 924 F. Supp. 2d 447, 452-53 (E.D.N.Y. 2013) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

faculty of the Italian division that the school was cancelling the Italian Major because of low enrollments [sic]" and that the language requirement at Brooklyn College had been cancelled several years prior and was only recently reinstated. *See* EEOC Charge of Discrimination, ECF No. 17-1 at 1-2. By Plaintiff's own admission, the faculty "would need some time to rebuild the major . . ." *Id*. Plaintiff also concedes that he was assigned to teach an advanced Italian class in the Spring of 2020, which would have "almost certainly" been cancelled due to low enrollment. *Id*. These allegations demonstrate that student interest and enrollment in Italian courses was low and undermine Plaintiff's claim that CUNY was motivated by unlawful bias to cancel the Italian major and certain Italian classes. *See Frederick v. United Broth. Of Carpenters and Joiners of Am. (UBCJA) Local 962*, 12-cv-2387 (BMC), 2014 WL 5783045, at *3 (E.D.N.Y. Nov. 6, 2014).

Nor does the Complaint contain allegations permitting a reasonable inference that CUNY gave preferential treatment to similarly situated employees of other national origins. *Perry v. State of N.Y. Dep't of Labor*, 08-cv-4610 (PKC), 2009 WL 2575713, at *3 (S.D.N.Y. Aug. 20, 2009) (dismissing age and race discrimination claims where "[n]o allegation indicates discriminatory animus or treatment by the plaintiff that differed from other similarly situated individuals"), *aff'd*, 398 F. App'x 628 (2d Cir. 2010). "To establish an inference of discrimination, a plaintiff must allege that she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Sinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 611 (E.D.N.Y. 2017) (quoting *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014)). "While Plaintiffs do not need to provide *evidence* of similarly situated comparators at the motion to dismiss stage, they still bear the burden of pleading facts that they were treated more harshly than those outside their protected class who were similarly situated 'in all material respects,' and that this different treatment is related to their ethnicity." *Fukelman v. Delta Air Lines, Inc.*, 18-cv-2 (PKC)(PK), 2020 WL 4587496, at *12 (E.D.N.Y. Apr. 13, 2020).

14

Plaintiff's threadbare and conclusory allegation that certain professors were purportedly treated better, Am. Compl. ¶¶ 51, 54, fails to raise an inference of discrimination because Plaintiff does not offer any facts to suggest that these other professors were similarly situated to him in all material respects. *See Mesias v. Cravath, Swaine & Moore LLP*, 106 F. Supp. 3d 431, 437 (S.D.N.Y. 2015) ("Plaintiff has not alleged that she and her non-Haitian colleague worked in the same department, had the same job responsibilities, or had the same supervisors. Such allegations are necessary to render plausible the inference that Plaintiff's national origin, rather than any number of other considerations, played a role in Cravath's refusal to permit Plaintiff to 'borrow' vacation days."); *see also Hongmian Gong v. City Univ. of N.Y.*, 18-cv-3027 (LGS), 2019 WL 952340, at *4 (S.D.N.Y. Feb. 27, 2019) ("[T]he Complaint does not adequately plead how the Caucasian adjunct professor or other Caucasian faculty members not required to hold evening office hours were similarly situated to Plaintiff, such as their department, responsibilities, qualifications, or supervisors."); *Wooding v. Winthrop Univ. Hosp.*, 16-cv-4477 (ADS)(ARL), 2017 WL 2559942, at *10 (E.D.N.Y. June 12, 2017). Plaintiff does not plead any facts demonstrating that the professors referenced in the Amended Complaint were similarly situated to Plaintiff, such as their job responsibilities, area of expertise, level of experience, education, seniority, department, or reporting structure. *See Uwakwe v. Bridging Access to Care, Inc.*, 15-cv-06703 (DLI)(RER), 2017 WL 1048070, at *7 (E.D.N.Y. Mar. 16, 2017); *Williams v. N.Y.S. Unified Court Sys. Office of Court Admin.*, 16-cv-2061 (VSB), 2017 WL 4402562, at *11 (S.D.N.Y. Sept. 30, 2017) ("Although Plaintiff identifies his comparators by name and alleges that they are 'employees,' Williams does not allege any facts showing how he was similarly situated to these employees. For example, Plaintiff does not allege that he was employed in the same department, subject to the same supervisors, or of a similar experience level as his comparators."). The Amended Complaint's implication that the purported comparators were professors is

15

insufficient to demonstrate that they were similarly situated to Plaintiff. *See Sosa v. N.Y.C. Dep't of Educ.*, 368 F. Supp. 3d 489, 499 (E.D.N.Y. 2019) (Finding that "the fact that Plaintiff and her colleagues are all teachers is not enough" to plausibly allege that they were similarly situated). As such, Plaintiff has failed to raise an inference of discrimination. *Uwake*, 2017 WL 1048070, at *8 ("Plaintiff cannot make a bare allegation that some individual is 'similarly situated' and survive a motion to dismiss."); *see also Hollingsworth v. Theatrical Teamsters Union Local 817 IBT*, 16-cv-4700 (JMA)(AYS), 2020 WL 2219212, at *8 (E.D.N.Y. May 7, 2020) ("[I]t is insufficient for a plaintiff to make naked assertions of disparate treatment without factual allegations that plausibly suggest the purported comparators were similarly situated.").

Indeed, far from demonstrating that these other professors were similarly situated to Plaintiff, the Amended Complaint establishes the opposite. Specifically, Plaintiff alleges that none of the other language majors or classes at Brooklyn College were cancelled. Am. Compl. ¶ 47. It is therefore evident that the professors who taught those other languages were not similarly situated to Plaintiff in all material respects. *See Sinnett*, 278 F. Supp. 3d at 612 ("Plaintiff alleges that Delta reinstated men with a 'clear drug/alcohol disability' whereas she claims she was 'not an abuser of drugs or alcohol.' . . . Thus, by Plaintiff's own words the men were different than her in a material respect, namely that they had a drug or alcohol disability, while Plaintiff did not."). Moreover, Plaintiff's conclusory allegation that these other professors were given "regular schedules" and "not forced to teach subjects outside of their disciplines" do not allege facts to support Plaintiff's allegation that they were treated better than Plaintiff. *See Fukelman*, 2020 WL 4587496, at *12; *Hongmian*, 2019 WL 952340, at *6.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Amended Complaint with prejudice and grant such other and further relief as it just and proper.

16

Dated: New York, New York
   February 25, 2021

            Respectfully submitted,

            LETITIA JAMES
            Attorney General for the State of New York
            *Attorney for Defendants*

    By:  /s/ *Shaina Schwartz*
       Shaina L. Schwartz
       Assistant Attorney General
       28 Liberty Street
       New York, New York 10005
       (212) 416-8560
       Shaina.schwartz@ag.ny.gov

17