UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                           :

LUIGI BONAFFINI,                                  :

                                                        :   **MEMORANDUM DECISION**
                                Plaintiff,          :   **AND ORDER**

                                 - against -             :   20-cv-5118 (BMC)

THE CITY UNIVERSITY OF NEW YORK  :
 and ANNE LOPES,                             :

                                  Defendants.      :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff Luigi Bonaffini was once a professor of Italian studies at Brooklyn College, one of the senior colleges in the City University of New York ("CUNY"). When the college canceled its Italian Studies program, plaintiff resigned and brought this suit against CUNY and the Provost of Brooklyn College, Anne Lopes.[1] Based on the cancellation, plaintiff alleged that he suffered age, disability, and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

Defendants have moved to dismiss the Amended Complaint. On the basis of sovereign immunity, I will dismiss the ADA, ADEA, NYSHRL, and NYCHRL claims against CUNY and against Lopes in her official capacity. I will also dismiss the ADA, ADEA, and Title VII claims

---

[1] In his various filings, plaintiff has referred to the Provost as "Anne Lopez," "Anna Lopez," and "Anne Lopes." Defendants have clarified that her name is Anne Lopes. The Clerk is directed to correct the docket sheet accordingly.

against Lopes in her individual capacity, because none of these statutes provide for individual liability.

That leaves the Title VII claims against CUNY and the NYSHRL and NYCHRL claims against Lopes in her individual capacity. To the extent these claims depend on an alleged constructive discharge, they are dismissed for failure to state a claim. But plaintiff has stated a plausible claim for disparate treatment, albeit barely, so these three claims can still go forward.

## SUMMARY OF THE AMENDED COMPLAINT

Plaintiff worked at Brooklyn College for more than 40 years. When he filed the Amended Complaint, he was 72 years old and suffering from hearing loss. For this reason, he taught all of his courses online.

In September 2019, Provost Lopes summoned plaintiff to a meeting with the Dean of the School of Humanities and Social Sciences, the Chair of the Department of Modern Languages and Literatures, and the two fellow professors of Italian studies. Lopes announced that Brooklyn College would cancel the Italian major and all Italian courses. The three members of the Italian faculty would instead teach general education courses, teach courses in other departments, or go on administrative leave.

The faculty objected. They emphasized that CUNY had designated Italian Americans as a protected affirmative action group. According to plaintiff, he also made known that "other considerations relating to the Italian studies program were not being taken into account." Lopes "summarily dismissed" these concerns. She then noted that the Italian faculty would "be teaching into their eighties and would owe the college many workload hours."

Although all elementary Italian courses were filled to capacity for the upcoming semester, Lopes followed through on her promise. No other language courses were canceled. Even the languages that did not have a major or minor – such as Arabic and Japanese – remained

on the schedule. Plaintiff reached out to Lopes to see why CUNY targeted the Italian program, but Lopes never responded. In plaintiff's view, the Italian faculty were singled out based on national origin and age, since all were of Italian descent and over 60 years old.

With Italian no longer available, the college assigned plaintiff to teach two English courses. One began at 9:00 AM, the other at 3:00 PM. According to plaintiff, the five-hour break between the two was "unheard of for a professor with [his] experience." The subjects were also beyond his area of expertise.

To make matters worse, the college reversed course and required plaintiff to teach in person. Plaintiff had asked to teach online, providing an audiologist's note to support this accommodation. But the college required an examination from its own audiologist, who determined that plaintiff could teach in person. Plaintiff retired.

He then sued CUNY and Lopes. Plaintiff alleged that both defendants subjected him to disparate treatment on the basis of national origin in violation of Title VII, the NYSHRL, and the NYCHRL; on the basis of disability in violation of the ADA, NYSHRL, and NYCHRL; and on the basis of age in violation of the ADEA, NYSHRL, and NYCHRL. Plaintiff also asserted standalone claims for constructive discharge under Title VII, the ADEA, the NYSHRL, and the NYCHRL. Defendants moved to dismiss the Amended Complaint in its entirety.[2]

## DISCUSSION

### I. Title VII

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

---

[2] In an ECF docket order, I dismissed plaintiff's claims under the ADA, ADEA, NYSHRL, and NYCHRL based on sovereign immunity, but I reserved judgment on the Title VII claims. See ECF order dated March 11, 2021. I noted that an opinion would follow. This is that opinion, plus the disposition of the Title VII claims.

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is merely possible, but not plausible, when the facts "are 'merely consistent with' a defendant's liability."  Id. (quoting Twombly, 550 U.S. at 557).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'"  Id. at 679 (alteration adopted) (quoting Fed. R. Civ. P. 8(a)(2)).

This standard governs claims under Title VII.  That statute bans employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  To state a claim for disparate treatment, a plaintiff need not plead a *prima facia* case; "enough nonconclusory factual matter to nudge her claim across the line from conceivable to plausible" will suffice.  Mandala v. NTT Data, Inc., 975 F.3d 202, 208 (2d Cir. 2020) (cleaned up); see also Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015); Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).  Specifically, the plaintiff must "plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision."  Vega, 801 F.3d at 87.

To satisfy the first element, a plaintiff must plausibly allege that the employer's actions were "'materially adverse' with respect to 'the terms and conditions of employment.'"  Davis v. N.Y.C. Dep't of Educ., 804 F.3d 231, 235 (2d Cir. 2015) (quoting Sanders v. N.Y.C. Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004)).  In limited circumstances, a reassignment can provide that materially adverse change in the terms and conditions of employment.  See de la Cruz v. N.Y.C. Hum. Res. Admin., 82 F.3d 16, 21 (2d Cir. 1996).  This rule requires careful

4

application in the educational context. As defendants recognize, a reassignment in this context is sufficient if the new responsibilities are "materially less prestigious, materially less suited to [a plaintiff's] skills and expertise, or materially less conducive to career advancement." Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 641 (2d Cir. 2000) (discussing Rodriguez v. Bd. of Ed. of Eastchester Union Free Sch. Dist., 620 F.2d 362, 366 (2d Cir. 1980)). Under this rule, plaintiff has plausibly alleged that the cancellation of his Italian courses and the accompanying reassignment to teach English courses were materially adverse with respect to the terms and conditions of his employment. See Rodriguez, 620 F.2d at 366.

For the second element, plaintiff's Amended Complaint is weak. There are none of the tell-tale signs of animus, like "actions or remarks made by decisionmakers that could be viewed as reflecting a discriminatory animus." Salas v. N.Y.C. Dep't of Investigation, 298 F. Supp. 3d 676, 687 (S.D.N.Y. 2018) (quotation omitted).[3] Nor did the college replace plaintiff with someone of a different national origin. And there is no "relevant background evidence . . . shedding light on the defendant's motivation," even from instances that would "not independently constitute adverse employment actions." Gong v. CUNY, No. 18-cv-3027, 2019 WL 952340, at *3 (S.D.N.Y. Feb. 27, 2019) (quotation omitted).

Nevertheless, I am compelled to let the Title VII claim go forward at this stage for a couple of reasons. First, it is not as if there was no interest in Italian studies at the college. The Amended Complaint alleges that the Italian courses were "filled to capacity" with over "100 students registered," and the college offered a major and a minor in Italian language. It is not intuitively obvious why the college would cancel such a popular language program, leaving a

---

[3] Although plaintiff stresses that he "was subjected to discriminatory remarks by supervisors," those remarks concerned his age, not his national origin.

5

plausible discriminatory motive as plaintiff alleges. Second, the Amended Complaint alleges that no other language classes were canceled. It offers as examples Arabic and Japanese, neither of which had a major or a minor at the college.

As suggested above, I recognize that this isn't much. But the nature of a Rule 12(b)(6) motion is that I do not get to hear defendants' explanation for the facts set forth above. If some obvious refutation jumped off the page at me based on plaintiff's allegations, I would likely find that his claim is merely conceivable and not plausible. But nothing does. Plaintiff may therefore proceed, for now, with his Title VII disparate treatment claim against CUNY.[4]

## II. The ADA, ADEA, NYSHRL, and NYCHRL

### A. The Claims Against CUNY

Under the Eleventh Amendment, "nonconsenting States may not be sued by private individuals in federal court." Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). That immunity extends to "arm[s] or instrumentalit[ies] of the State." Lewis v. Clarke, 137 S. Ct. 1285, 1293 (2017). The Second Circuit has squarely held that CUNY's senior colleges – like Brooklyn College – are "arms of the of the state." Clissuras v. CUNY, 359 F.3d 79, 83 (2d Cir. 2004) (per curiam). That means "suits against CUNY are . . . barred by the Eleventh Amendment," unless an exception applies. Id. No exception applies to plaintiff's claims under the ADA, ADEA, NYSHRL, and NYCHRL. See Soloviev v. Goldstein, 104 F.

---

[4] Plaintiff asserted this claim against both CUNY and Lopes, but only "[e]mployers, not individuals, are liable under Title VII." Reynolds v. Barrett, 685 F.3d 193, 202 (2d Cir. 2012). The Title VII claims against Lopes are thus dismissed for failure to state a claim. See Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam).

Plaintiff also asserted standalone claims for constructive discharge. These claims are premised on his having to teach two classes outside his area of expertise, with a five-hour break between the two. These conditions are not so intolerable that a reasonable person would have felt compelled to resign. See Shultz v. Congregation Shearith Israel of City of New York, 867 F.3d 298, 308 (2d Cir. 2017). Therefore, the Title VII constructive discharge claim against CUNY must be dismissed for failure to state a claim.

Supp. 3d 232, 243–44 (E.D.N.Y. 2015). Those claims are dismissed as barred by the Eleventh Amendment.

### B. The Claims Against Lopes

It is not clear whether plaintiff intends to proceed against Lopes in her individual or official capacity. Because the Amended Complaint seeks relief against Lopes "as Provost," I will construe it as asserting both official- and individual-capacity claims.

"In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office." Lewis, 137 S. Ct. at 1291. "As such it is no different from a suit against the State itself." Hafer v. Melo, 502 U.S. 21, 26 (1991) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). Here, then, plaintiff's ADA, ADEA, NYSHRL, and NYCHRL claims against Lopes in her official capacity must be dismissed as barred by the Eleventh Amendment. See Soloviev, 104 F. Supp. 3d at 245 (addressing the ADA); Schwartz v. York Coll., No. 06-cv-6754, 2009 WL 3259379, at *3 (E.D.N.Y. March 31, 2009) (addressing the ADEA, NYSHRL, and NYCHRL).[5]

In contrast to official-capacity suits, individual-capacity suits "seek to impose *individual* liability upon a government officer for actions taken under color of state law." Lewis, 137 S. Ct. at 1291. "Officers sued in their personal capacity come to court as individuals, and the real party in interest is the individual, not the sovereign." Id. (cleaned up). That official "may, depending on his position, be able to assert personal immunity defenses." Kentucky v. Graham, 473 U.S. 159, 166 (1985). "But sovereign immunity does not erect a barrier." Lewis, 137 S. Ct. at 1291 (quoting Hafer, 502 U.S. at 30).

---

[5] Although plaintiff invokes the doctrine of Ex parte Young, 209 U.S. 123 (1908), the doctrine does not apply to this case because plaintiff seeks monetary damages, not prospective injunctive relief. See Soloviev, 104 F. Supp. 3d at 243; see also Falcon v. CUNY, No. 15-cv-3421, 2016 WL 3920223, at *8–9 (E.D.N.Y. July 15, 2016) (discussing how Ex parte Young would apply to claims for reinstatement).

7

The problem for plaintiff, however, is that he cannot sue Lopes in her individual capacity under the ADA or ADEA. Neither statute provides for individual liability. See Soloviev, 104 F. Supp. 3d at 253. Therefore, the ADA and ADEA claims against Lopes in her individual capacity must be dismissed.

That leaves the NYSHRL and NYCHRL. Unlike their federal counterparts, these state statutes provide for individual liability. See generally Townsend v. Benjamin Enterprises, Inc., 679 F.3d 41, 57 (2d Cir. 2012) (discussing the framework for individual liability); Feingold v. New York, 366 F.3d 138, 157–59 (2d Cir. 2004) (same); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995) (same).[6] The NYSHRL follows the same substantive standards for employment discrimination as Title VII. Vivenzio v. City of Syracuse, 611 F.3d 98, 106 (2d Cir. 2010). "The NYCHRL uses the same framework as Title VII and the NYSHRL, but contains, as to some elements, more liberal pleading and proof standards." Farmer v. Shake Shack Enterprises, LLC, 473 F. Supp. 3d 309, 327 (S.D.N.Y. 2020). Because plaintiff has adequately pleaded his Title VII disparate treatment claim against CUNY, he has also done so for his corresponding NYSHRL and NYCHRL claims against Lopes in her individual capacity. See id.[7]

---

[6] Tomka was abrogated on other grounds by Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998), and Faragher v. City of Boca Raton, 524 U.S. 775 (1998), but courts in this Circuit continue to adhere to its interpretation of the NYSHRL. See Johnson v. Cnty. of Nassau, 82 F. Supp. 3d 533, 536 (E.D.N.Y. 2015).

[7] Having assumed that plaintiff sued Lopes in only her official capacity, defendants failed to address the framework for individual liability. But the Amended Complaint was ambiguous on this point, and defendants, as the parties seeking dismissal, bore the responsibility of addressing this issue. In light of defendants' failure to address individual liability, I need not delve into the complicated issues of (1) whether Lopes would qualify as an "employer" or an aider and abettor for purposes of individual liability under the NYSHRL or NYCHRL; and (2) whether Lopes could be liable under these provisions when the employer enjoys sovereign immunity. Nevertheless, the same reasons that warrant dismissal of the Title VII constructive discharge claim also compel dismissal of the NYSHRL and NYCHRL constructive discharge claims against Lopes in her individual capacity.

# CONCLUSION

Defendants' motion to dismiss [20] is granted in part and denied in part as follows:

- All ADA, ADEA, NYSHRL, and NYCHRL claims against CUNY and against Lopes in her official capacity are dismissed as barred by the Eleventh Amendment.

- All Title VII, ADA, and ADEA claims against Lopes in her individual capacity are dismissed for failure to state a claim.

- The constructive discharge claim against CUNY under Title VII, and the constructive discharge claims against Lopes in her individual capacity under the NYSHRL and NYCHRL, are dismissed for failure to state a claim.

- The disparate treatment Title VII claim against CUNY, as well as the corresponding NYSHRL and NYCHRL claims against Lopes in her individual capacity, may proceed. The motion is denied as to these claims.

**SO ORDERED.**

                                                      U.S.D.J.

Dated: Brooklyn, New York
        May 31, 2021