```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   LUIGI BONAFFINI,                                         :
                                                            :   **MEMORANDUM DECISION**
                                       Plaintiff,           :   **AND ORDER**
                                                            :
                   - against -                              :   20-cv-5118 (BMC)
                                                            :
   THE CITY UNIVERSITY OF NEW YORK                          :
    and ANNE LOPES,                                         :
                                                            :
                                       Defendants.          :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff Luigi Bonaffini was once a Professor of Italian Studies at Brooklyn College, one of the Senior Colleges within the City University of New York ("CUNY"). After the college canceled its Italian major and the associated courses, plaintiff retired and commenced this lawsuit. He alleges that he suffered discrimination on the basis of age, disability, and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

Plaintiff originally sued both CUNY and the Provost of Brooklyn College, Anne Lopes. I granted part of defendants' motion to dismiss, and then granted defendants' motion for reconsideration, dismissing all claims against Lopes. See Bonaffini v. CUNY, No. 20-cv-5118, 2021 WL 2206736, at *1 (E.D.N.Y. June 1, 2021), reconsideration granted in part by ECF order (E.D.N.Y. June 21, 2021). Plaintiff now seeks leave to file a Second Amended Complaint. It would revive the state-law claims against Lopes.

A district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, a district court has discretion to deny leave for good reason,

including futility, bad faith, undue delay, or undue prejudice to the opposing party." Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (alteration adopted) (quoting another source). Here, the only issue here is futility. "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." F5 Cap. v. Pappas, 856 F.3d 61, 89 (2d Cir. 2017) (quoting another source). Defendants offer three reasons why the proposed amendment would not survive a motion to dismiss, but none can fully defeat the proposed amendment.[1]

I. **Sovereign Immunity**

Defendants first argue that sovereign immunity blocks all claims against Lopes. They start with the uncontroversial premise that sovereign immunity bars any claims against Lopes in her official capacity. See, e.g., Schwartz v. York Coll., No. 06-cv-6754, 2009 WL 3259379, at *3 (E.D.N.Y. March 31, 2009). Defendants accuse plaintiff of seeking "an end-run" around this rule by suing Lopes only in her individual capacity. The claims are really official-capacity ones, defendants contend, because "the actions of which [p]laintiff complains, the purported cancellation of certain Italian classes, could only have been taken by Provost Lopes in her capacity as a State employee, not in her personal capacity."

Defendants are only half right. True, "courts may not simply rely on the characterization of the parties in the complaint." Lewis v. Clarke, 137 S. Ct. 1285, 1290 (2017). Courts instead "determine in the first instance whether the remedy sought is truly against the sovereign," asking "whether the sovereign is the real party in interest." Id. "In determining who is the real party in interest, the 'general rule' is that relief sought nominally against an officer is in fact against the

---

[1] Plaintiff is somewhat fortunate that defendants, as the parties opposing amendment, have the burden of establishing that the amendment would be futile. See Prompt Nursing Emp. Agency LLC v. Valdez, 222 F. Supp. 3d 194, 200 (E.D.N.Y. 2016). Plaintiff's filings address only the viability of his proposed amendment, not the standard for leave to amend. He seems to assume that a valid claim always results in leave to amend, but that is not correct.

2

sovereign if 'the effect of the judgment would be to restrain the Government from acting, or to compel it to act.'" Connecticut v. Cahill, 217 F.3d 93, 106 (2d Cir. 2000) (Sotomayor, J., dissenting) (quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 & n. 11 (1984)).

For federal-law claims, this analysis is often straightforward. A plaintiff who sues a government employee in an official capacity "must look to the government entity itself" to recover damages. Kentucky v. Graham, 473 U.S. 159, 166 (1985). That means the sovereign is the real party in interest, and sovereign immunity applies. Id. But when a suit seeks damages against the official in an *individual* capacity, the officer "come[s] to court as [an] individual[]," and the real party in interest is the individual. Hafer v. Melo, 502 U.S. 21, 27 (1991). So these individuals cannot invoke sovereign immunity, even though their employers otherwise could. See, e.g., id. at 26-27 (holding that a state official was liable in her individual capacity under § 1983 for actions taken pursuant to her official duties).

For state-law claims, however, the analysis is more fraught. A federal court may not grant declaratory or injunctive relief against state officials, based on state law, for actions taken within the scope of the officials' authority. See Pennhurst, 465 U.S. at 106, 113. That rule applies regardless of whether the officials are sued in an individual or official capacity. See id. at 116-17. And there is some reason to think that the rule also applies when a plaintiff seeks damages. See In re Ohio Execution Protocol Litig., 709 F. App'x 779, 786 (6th Cir. 2017) (Sutton, J., concurring).

But even in a state-law action, a judgment for damages will operate against only the individual. See Lewis, 137 S. Ct. at 1291. That judgment "will not require action by the sovereign or disturb the sovereign's property." Id. (quoting Larson v. Domestic & Foreign Com.

3

Corp., 337 U.S. 682, 687 (1949)). Thus, sovereign immunity does not bar "an individual capacity claim seeking damages against a state official, even if the claim is based on state law." Bad Frog Brewery, Inc. v. N.Y. State Liquor Auth., 134 F.3d 87, 102 (2d Cir. 1998); cf. Lewis, 137 S. Ct. at 1291 (holding that sovereign immunity did not bar a state-law tort suit against a tribal official in an individual capacity, even though the tortious acts occurred while the official was acting in his official capacity). I thus conclude that sovereign immunity does not block the NYSHRL or NYCHRL claims against Lopes in her individual capacity.[2]

## II. Individual Liability Under State Law

Defendants next contend that, even if Lopes cannot invoke sovereign immunity, the state statutes still stand in the way. As relevant here, these statutes provide two forms of individual liability. First, federal courts have long understood the NYSHRL to allow individual liability if the individual qualifies as an "employer." See, e.g., Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 57 (2d Cir. 2012) (quoting N.Y. Exec. Law § 296(a)(1)). In a recent opinion, however, the New York Court of Appeals clarified that the NYSHRL "does not render employees liable as individual employers." Doe v. Bloomberg, L.P., 36 N.Y.3d 450, 457, 143 N.Y.S.3d 286, 291 (2021). That statement forecloses "employer" liability in this case.[3]

Nevertheless, both the NYSHRL and NYCHL offer a second type of individual liability. The NYSHRL makes individuals liable for "aid[ing], abet[ting], incit[ing], compel[ling] or coerc[ing] the doing of" a discriminatory act. N.Y. Exec. Law. § 296(6). The NYCHRL contains "virtually identical" language, so the "same standards of analysis" are "used to evaluate

---

[2] For these same reasons, I disagree with defendants that state law requires a different result. See Purdie v. CUNY, No. 13-cv-6423, 2015 WL 129552, at *5 (S.D.N.Y. Jan. 8, 2015) (citing Morell v. Balasubramanian, 70 N.Y.2d 297, 301, 520 N.Y.S.2d 530, 531 (1987)).

[3] Although the NYCHRL also makes an "employer" liable for certain conduct, see Doe, 36 N.Y.3d at 459, 143 N.Y.S.3d at 292, plaintiff has not argued that Lopes is individually liable as an employer under the NYCHRL.

4

aiding and abetting claims." Feingold v. New York, 366 F.3d 138, 158 (2d Cir. 2004) (quoting another source). Under this framework, "a co-worker who 'actually participates in the conduct giving rise to a discrimination claim'" can be held individually liable as an aider and abettor. Id. (quoting Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995)).[4]

The amendment adequately alleges this type of liability. It explains that, as the Provost and Senior Vice President for Academic Affairs, Lopes oversaw the Department of Modern Languages and Literatures that housed the professors of Italian Studies. This position gave Lopes the power to "cancel[] and reinstat[e] courses and majors." And with that power, Lopes decided to cancel the Italian major and courses, informed the faculty that she was taking that action, and gave the faculty the choice of teaching general educational courses, teaching courses in other departments, or being placed on administrative leave. These actions are the basis of plaintiff's claims for discrimination on the basis of national origin, and they provide the kind of "direct, purposeful participation" that aiding and abetting liability requires. See Dodd v. CUNY, 489 F. Supp. 3d 219, 269-70 (S.D.N.Y. 2020) (holding that a CUNY department chair could qualify as an aider and abettor where he restricted the plaintiff's teaching schedule).

Defendants argue, however, that Lopes cannot be held individually liable as an aider and abettor because the principal, CUNY, is entitled to sovereign immunity. There is plenty of authority to that effect. See Seitz v. New York, No. 2:18-cv-4149, 2019 WL 4805257, at *23 (E.D.N.Y. Sept. 30, 2019); De Figueroa v. New York, 403 F. Supp. 3d 133, 164 (E.D.N.Y. 2019); Kaplan v. N.Y. State Dep't of Lab., No. 18-cv-3629, 2019 WL 3252911, at *5 (S.D.N.Y.

---

[4] Tomka was abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998), and Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

5

July 19, 2019); Soloviev v. Goldstein, 104 F. Supp. 3d 232, 253 (E.D.N.Y. 2015); Deng v. N.Y. State Off. of Mental Health, No. 13-cv-6801, 2015 WL 221046, at *5 (S.D.N.Y. Jan. 15, 2015).

Yet plenty of other cases have reached the exact opposite conclusion, as CUNY is well aware. See Henry-Offor v. CUNY, No. 11-cv-4695, 2012 WL 2317540, at *5 (S.D.N.Y. June 15, 2012); Chen v. CUNY, No. 11-cv-320, 2011 WL 5419792, at *11 (S.D.N.Y. Nov. 9, 2011); see also Allessi v. N.Y. State Dep't of Corr. & Cmty. Supervision, 16 F. Supp. 3d 221, 225-26 (W.D.N.Y. 2014); Lamere v. N.Y. State Off. for the Aging, No. 03-cv-356, 2005 WL 1174068, at *14-15 (N.D.N.Y. Apr. 27, 2005); Kantha v. Blue, 262 F. Supp. 2d 90, 109 (S.D.N.Y. 2003).

In my view, the second set of cases has the better argument. Although the Second Circuit has not squarely addressed the issue, it has, in a single opinion, held that an employer enjoyed sovereign immunity and gone on to analyze an employee's individual liability under the NYSHRL and NYCHRL. See Feingold, 366 F.3d at 149, 158 (addressing the DMV and its employees); see also Henry-Offor, WL 2317540, at *5 (stating that Feingold "obliquely" resolved this issue). That analysis reflects the general rule that "a procedural bar to seeking liability against an employer does not prevent claims against an employee in his individual capacity." Johnson v. Cty. of Nassau, 82 F. Supp. 3d 533, 537 (E.D.N.Y. 2015) (discussing the issue in depth). Under this rule, "a plaintiff may succeed in a claim under the NYSHRL by showing the employer entity's having encouraged, condoned, or approved the discriminatory conduct of a sole employee – the same discriminatory conduct which then, perhaps circularly, proves individual liability under the aiding and abetting provision." Id. at 536 (alteration adopted) (quoting another source). It follows that "dismissal of the cause of action against the employer/principal warrants dismissal of the derivative, aiding and abetting cause of action *only* where the dismissal against the employer/principal was on the merits (*i.e.* where the employer

was not found to have engaged in a discriminatory practice)." Daniels v. Wesley Gardens Corp., No. 10-cv-6336T, 2011 WL 1598962, at *3 (W.D.N.Y. Apr. 27, 2011) (emphasis added).

Because sovereign immunity does not effect a dismissal on the merits, it does not require a different result. As explained, state employees are often liable in their individual capacities even though their employer would enjoy sovereign immunity. So too here. I thus conclude that the NYSHRL and NYCHRL do not bar plaintiff from suing Lopes for aiding and abetting the alleged violations.

**III.   The Alleged Violations of State Law**

As a last resort, defendants argue that the proposed amendment does not adequately allege that they violated the NYSHRL or NYCHRL in the first place. The amendment claims discrimination on the basis of national origin, disability, and age. I have already held that plaintiff stated a claim for national origin discrimination under Title VII, and that holding controls the state-law claims. See, e.g., Szewczyk v. City of New York, No. 15-cv-918, 2016 WL 3920216, at *4 (E.D.N.Y. July 14, 2016). Therefore, leave to amend would not be futile, and plaintiff may pursue those claims against Lopes.

As for age discrimination, the law governing NYSHRL claims "has been held to be identical" to that governing claims under the Age Discrimination in Employment Act ("ADEA"). Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 106 n.6 (2d Cir. 2010). So contrary to defendants' assumptions, a plaintiff "need not plead every element of a *prima facie* case" to survive a motion to dismiss. Boonmalert v. City of New York, 721 F. App'x 29, 32 (2d Cir. 2018) (summary order). Rather, the plaintiff need only "plead . . . facts which plausibly suggest that (1) the employer took an adverse action and (2) age was the 'but for' cause of that adverse action." Id. (citing Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86-87 (2d Cir.

7

2015)).⁵

I have already held that the "cancellation of [plaintiff's] Italian courses and the accompanying reassignment to teach English courses" was an adverse employment action under Title VII. Bonaffini, 2021 WL 2206736, at *2. That conclusion applies to the NYSHRL claims as well. See Marinacci v. U.S. Postal Serv., 403 F. Supp. 3d 116, 126 (E.D.N.Y. 2017).

Plaintiff has also alleged that age was the but-for cause of that adverse action. According to the Second Amended Complaint, Lopes met with the Italian faculty and informed them that the college was cancelling the Italian major and courses. Instead of teaching Italian, Lopes explained, these faculty members would teach general educational courses, teach courses in other departments, or be placed on administrative leave. The youngest member of the Italian faculty is 62 years old, and plaintiff is 75. Thus, when plaintiff objected to Lopes's plan, she warned that "the Italian faculty would then be teaching into their eighties and would owe the college many workload hours." Additionally, Lopes did not cancel any other language courses, which, unlike the Italian courses, were not filled to capacity, did not have a major or a minor, and did not have faculty members who were all over 60.

These allegations – like the allegations about national origin discrimination – are weak. See Bonaffini, 2021 WL 2206736, at *3. But they still meet the minimal threshold needed to survive a motion to dismiss, and Lopes had enough participation to qualify as an aider and abettor. See Dodd, 489 F. Supp. 3d at 269-70; Keles v. Yearwood, 254 F. Supp. 3d 466, 473 (E.D.N.Y. 2017); Downey v. Adloox Inc., 238 F. Supp. 3d 514, 519 (S.D.N.Y. 2017). I thus

---

⁵ Because "New York courts have not definitively resolved whether a plaintiff must establish that age was the 'but-for' cause to prevail on a claim under the NYSHRL," the Second Circuit has assumed, without deciding, that that this standard applies to the NYSHRL as well as the ADEA. Rimpel v. AdvantageCare Physicians, P.C., 486 F. Supp. 3d 625, 637 (E.D.N.Y. 2020) (quoting another source) (citing Gorzynski, 596 F.3d at 106 n.6).

8

conclude that plaintiff has stated a claim for age discrimination under the NYSHRL. Given the NYCHRL's "far more liberal" standard, I conclude that plaintiff has stated a claim under the NYCHRL as well. Lebowitz v. N.Y.C. Dep't of Educ., 407 F. Supp. 3d 158, 173 (E.D.N.Y. 2017). Leave to amend would not be futile as to these claims.

The same cannot be said for the claims for disability discrimination. For these claims, plaintiff alleges that, for several years, he taught classes online due to his hearing loss. Ahead of the Spring 2020 semester, plaintiff submitted his proposed schedule to the Chair of the Department of Modern Languages and Literatures, again requesting to teach three classes online. In support of this proposal, plaintiff submitted a note from his audiologist. However, the head of human resources at Brooklyn College told plaintiff that he would have to see the Brooklyn College audiologist. After that examination, the college then denied plaintiff's request to teach classes online. Plaintiff insists that these events amount to disability discrimination. Even if that were true, however, plaintiff fails to explain how Lopes aided and abetted that violation. Lopes had nothing to do with the denial of plaintiff's request to teach classes online. As a result, plaintiff has failed to show the kind of direct, purposeful participation that the NYSHRL and NYCHRL require. See Dodd, 489 F. Supp. 3d at 268.

Plaintiff's motion for leave to amend [35] is granted in part and denied in part. Although plaintiff may proceed with his claims for age and national origin discrimination under the NYSHRL and NYCHRL against Lopes in her individual capacity, leave to amend would be

futile as to the claims for disability discrimination.  Plaintiff shall file his second amended complaint forthwith.

**SO ORDERED.**

                                  Digitally signed by Brian M. Cogan
_____
                                              U.S.D.J.

Dated: Brooklyn, New York
         July 9, 2021